JOON H. KIM
Acting United States Attorney for the
Southern District of New York
By: LAUREN ALMQUIST LIVELY
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2689
Facsimile: (212) 637-2686
E-mail: lauren.lively@usdoj.gov

Confirmation Hearing Date: November 9, 2017
Confirmation Hearing Time: 1:15 p.m.
Motion Hearing Date: November 9, 2017
Motion Hearing Time: 9:30 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re:

    ARLENE Y. BLAIR & ERROL E. BLAIR,

                Debtors.

-------------------------------------------------------------------x

Chapter 13

Case No. 17-11900 (CGM)

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE UNITED STATES OF AMERICA'S MOTION TO DISMISS OR CONVERT**
**CASE AND OBJECTION TO PLAN CONFIRMATION**

       The United States of America, on behalf of the Internal Revenue Service ("IRS"), by its attorney Joon H. Kim, Acting United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to dismiss this Chapter 13 bankruptcy proceeding or convert it to a proceeding under Chapter 7 of the Bankruptcy Code, and in support of its objection to the Chapter 13 Plan (the "Plan") proposed by debtors Arlene and Errol Blair ("Debtors"). As set forth more fully below, this case should be dismissed or converted because Debtors have failed to file federal tax returns for tax years 2008 through 2016. In addition, the Plan should not be confirmed because (i) Debtors failed to file the above-

referenced tax returns; and (ii) the Plan does not comply with Section 1322 of the Bankruptcy Code.

## BACKGROUND

1. On or about July 10, 2017, Debtors filed their voluntary petition (the "Petition") for relief pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. *See* Dkt No. 1.

2. On or about August 24, 2017, Debtors filed the Plan, which provided for Debtors to pay to the Trustee forty-one (41) monthly installments of $2,500.00, from August 2017 through December 2020, and a lump-sum payment of $60,000.00 in September 2017. *See* Dkt No. 10 at 1. The Plan does not list the IRS as a creditor. *See generally id.* However, Debtor's Petition reflects an IRS priority obligation in an unknown amount and a tax refund in an unknown amount. *See* Petition, Sched. A/B, pt. 7; E/F, pt. 1.

3. To date, Debtors have not filed a Form 1040 federal income tax return for tax years 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015 and 2016. *See* Declaration of Douglas Dalm ("Dalm Decl.") ¶ 3.

4. The deadlines for filing these returns, including any extensions, have passed. *See* Dalm Decl. ¶ 4.

5. On or about August 4, 2017, the IRS filed a Proof of Claim ("Proof of Claim") in this action.[1] *See* Dalm Decl. ¶ 5; Ex. A. The Proof of Claim includes estimated unsecured priority claims of $3,388.27 for federal income tax liabilities relating to tax years 2014, 2015, and 2016, and estimated unsecured general claims of $30,212.21 for tax years 2011, 2012, and

---

[1] The Proof of Claim, executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, is deemed to "constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

2013.  Dalm Decl. Ex. A.  The IRS will need to update these amounts once Debtors file the missing returns.  *See* Dalm Decl. ¶ 6.

## ARGUMENT

**I. THIS BANKRUPTCY PROCEEDING SHOULD BE DISMISSED OR CONVERTED TO CHAPTER 7 BECAUSE OF DEBTORS' REPEATED FAILURE TO FILE TAX RETURNS**

6. The United States moves for dismissal of this Chapter 13 proceeding or conversion to a proceeding under Chapter 7 based on Debtors' failure to file their income tax returns for tax years 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, and 2016.

7. Under Section 1308 of the Bankruptcy Code, a Chapter 13 debtor must file with the IRS, not later than the day before the first meeting of the creditors is scheduled to be held under Section 341 of the Bankruptcy Code, returns for all taxable periods for the four-year period that ends on the date of the filing of the bankruptcy petition.  *See* 11 U.S.C. § 1308(a).

8. Debtors filed their Petition on or about July 10, 2017.  *See* Dkt No. 1.  According to the docket for this case, a Section 341(a) meeting of the creditors was scheduled for August 31, 2017.  *See* Dkt No. 4.  Debtors were therefore obligated to file their federal income tax returns for tax years 2013, 2014, 2015, and 2016 by August 30, 2017.  Yet, to date, Debtors' returns for these tax years remain unfiled.  *See* Dalm Decl. ¶ 3.

9. Under section 1307(e) of the Bankruptcy Code, "[u]pon the failure of the debtor to file a tax return under section 1308 . . . the court *shall* dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate." (emphasis added).  Dismissal or conversion is mandatory if a debtor has not complied with section 1308 due to the use of the term "shall" in section 1307(e).  *See, e.g., In re Armstrong*, 408 B.R. 559, 572 (Bankr. E.D.N.Y. 2009) (section 1307(e) "is mandatory in

nature"); *In re Kuhar,* 391 B.R. 733, 739 (Bankr. E.D. Pa. 2008) (dismissing case for failure to comply with § 1308). Accordingly, Debtors' Petition must be dismissed or converted due to their failure to file pre-petition tax returns.

10. Further, the Court should dismiss the case because Debtors' failure to file income tax returns for the period 2008 through 2016 demonstrates bad faith. *See, e.g.*, *Morimoto v. United States (In re Morimoto)*, 171 B.R. 85, 86 (B.A.P. 9th Cir. 1994) (affirming finding of bad faith and dismissal of Chapter 13 case as a result of failure to file income tax returns); *In re Crayton*, 169 B.R. 243, 245 (Bankr. S.D. Ga. 1994) (dismissing case and denying Chapter 13 plan confirmation where debtor demonstrated bad faith by failing to file income tax returns). Debtors have willfully failed to abide by their tax obligations, and therefore, their case should not be permitted to proceed.

## II. THE PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT COMPLY WITH SECTION 1322 OF THE BANKRUPTCY CODE

11. Regardless of whether the case is dismissed or converted to Chapter 7, the Plan cannot be confirmed because it does not provide for payment in full of the IRS's estimated priority claim, as required pursuant to 11 U.S.C. § 1322. As detailed above, the IRS's Proof of Claim reflects an estimated unsecured priority claim of $3,388.27.00. *See* Dalm Decl. Ex. A. Yet, the Plan filed by the Debtors contemplates no payments to the IRS. *See generally* Dkt No. 10.

12. The IRS has not consented to receiving anything less than full payment of its priority claims as the Code requires. Accordingly, the Plan cannot be confirmed. *Fishman v. Epps*, No. 79 B 10098, 1980 WL 20451, at *3-4 (Bankr. S.D.N.Y. May 15, 1980) (denying confirmation of Chapter 13 plan because, *inter alia*, the plan did not comply with 11 U.S.C. § 1322(a)(2) as to the priority tax claims); *In re Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994) ("Any

4

plan lacking the requirements of § 1322(a)(2) (a full payment of priority claims) cannot be confirmed without the claim holder's consent."); *In re Eysenbach*, 183 B.R. 365, 367 (W.D.N.Y. 1995) (explaining that a "bankruptcy court may not confirm a Chapter 13 plan unless it provides for the full payment of all claims entitled to priority under 11 U.S.C. § 507" (internal quotation marks and alterations omitted)).

13.     Moreover, Debtors' failure to comply with their statutory obligations renders it impossible to determine whether the Plan is feasible. A Chapter 13 plan can only be confirmed if "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). "Debtors have the burden to prove that their plans are feasible." *In re Wagner*, 259 B.R. 694, 700 (B.A.P. 8th Cir. 2001).

14.     Because Debtors have not filed their federal income tax returns for tax years 2014, 2015, and 2016, the IRS is unable to determine the full extent of Debtors' pre-petition federal tax liabilities and, thus, the full amount of the IRS's priority claim. As stated above, the priority claim amount listed in the IRS's Proof of Claim is only an estimate. For this reason, the Plan cannot be confirmed, as Section 1322(a)(2) of the Bankruptcy Code requires that all priority claims be paid in full, and without the full amount of the IRS's priority claim having been ascertained, the overall feasibility of the Plan cannot be determined. *See, e.g., In re Nygaard*, 213 B.R. 877, 879 (Bankr. M.D. Fla. 1997) ("With the filing of the tax returns, feasibility of any Plan becomes apparent.").

## CONCLUSION

For the reasons set forth above, the United States of America respectfully requests that the Court (1) dismiss this Chapter 13 bankruptcy proceeding or convert it to a proceeding under Chapter 7, and (2) deny confirmation of the Plan.

Dated:  New York, New York
        October 26, 2017

                Respectfully submitted,

                JOON H. KIM
                Acting United States Attorney for the
                Southern District of New York

By:    /s/ Lauren Almquist Lively
        LAUREN ALMQUIST LIVELY
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York  10007
        Tel.: (212) 637-2689
        Fax: (212) 637-2686
        E-mail: lauren.lively@usdoj.gov